Freeman, J.,
delivered the opinion of the Court.
This is an action for slander, which was demurred to in court below, -demurrer sustained, and an appeal to this court.
The delaration contains several counts, both in the original and in the amended one filed. The first count charges, that C. H. Rodgers, the plaintiff, and Jesse Rodgers, were the joint owners of thirty bolts of domestic, each containing thirty yards, and that said property was under the control of Nancy M. Rodgers, ¡(the wife of complainant, C. H. Rodgers), as agent of *758 said C. H. and Jesse Rodgers, by which trust she was-bound to deliver and return the property to them, and defendant spoke the words, “ That he, meaning defendant, learned the fact that Conn’s wife, meaning-Nancy M., or her family, had taken it off in remnants of two yards and one half, meaning said Nancy-had fraudulently and feloniously appropriated two and-one half yards of said cloth off each bolt of cloth, and traded it off to the stores, and traded it off for other goods to her own use feloniously, and had been-guilty of fraudulent breach of trust, and fraudulent appropriation of the remnants referred to.” The other two counts of original declaration, amount to the same-charge, only varying tiie collocation of the words.
The question presented by the demurrer is, as to whether these words charge such an offense, as makes-them the subject of an action for slander.
It is the settled rule, one so often announced as. scarcely to need authority, that words, to be the subject-, of an action for slander, no special damage being alleged, must impute a crime for which the party, if guilty,, would be punishable criminally on presentment or indictment, or a misdemeanor, involving moral turpitude,, and for which an indictment or presentment would lie. Smith v. Smith, 2 Sneed, 473.
The question then is, do these words impute, of' themselves, such an offense as stated ? It is laid down by Mr. Archbold, in Crim. Practice and Plead, Water. Ed., 396, that a joint tenant or tenant in common of a chattel, cannot be guilty of larceny, by taking ami disposing of the whole of it to his own use; it is *759 merely the subject of a civil action or remedy; and thereon, p. 395, it is said, a wife cannot be guilty of larceny of the goods of her husband, unless he might be guilty, as first mentioned, for they are one person in law. When the wife -of the prosecutor, and a man with whom she afterwards cohabited, jointly take money and goods of the husband, the judges hold that an indictment would lie against the.man for larceny, but not against the wife. Assuming these principles to be correct, it is only necessary to see whether there can be any difference in case of fraudulent breach of trust. We can see no such difference. ' The possesion of the husband as joint owner would be lawful, his wrongful sale would render hipa civilly responsible, but certainly not criminally liable for such wrongful sale; and it follows,, that as the husband would not be liable for such conversion, then the wife would not be, on the principle above quoted. See also note 1, p. 396, and authorities there cited.
The same principles necessarily apply to the other counts of the declaration, alleging that the wife was agent or bailee of the joint owner, to-wit, her husband, and Jesse Rodgers, and was guilty of fraudulent breach of trust in appropriating it. If her possession was the possession of her husband, she would not be technically the bailee of her husband, so as to be guilty of criminal breach of trust as to his property, nor could the husband, by undertaking to keep the joint property, be guilty of a criminal offense, by selling it; and it follows, that the wife could not be guilty, unless he could. It would be to hold a party *760 criminally responsible, as bailee of his property, for a conversion of it.
■ We • therefore bold that the demurrer was properly sustained below, and affirm the judgment.